NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS WESTON, *pro se*, | : | |
| Petitioner, | : | |
| | : | Civ. No. 04-5138 (GEB) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| Respondent. | : | |

**BROWN, District Judge**

This matter comes before the Court upon the motion of *pro se* Petitioner, Thomas Weston ("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth in this Memorandum Opinion, will deny Petitioner's motion.

**I.   BACKGROUND**

Petitioner was indicted on October 27, 1998 for conspiring to distribute, and possessing with intent to distribute, more than five grams of cocaine base (crack cocaine) and more than 200 grams of cocaine, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.[1] On or about February 3, 1999, Petitioner was convicted by a jury of conspiring to distribute and possess

---

[1] For the purposes of this section, the Court will rely on the facts as presented in United States v. Boone, 279 F.3d 163, 171 (3d Cir.), *cert. denied*, 535 U.S. 1089 (2002). In Boone, Petitioner and co-conspirator Boone appealed their convictions and sentences.

with intent to distribute cocaine and crack cocaine.  Boone, 279 F.3d at 169.  Following the United States Sentencing Guidelines, the Court sentenced Petitioner to a term of 168 months in prison and a term of supervised release of eight years.  Id. at 171.  On September 10, 1999, Petitioner appealed his conviction and sentence.  The Government filed a cross-appeal, arguing that this Court improperly refused to attribute any crack cocaine to Petitioner when the Court reduced the Base Offense Level from 40 to 32.  Id. at 172.

By opinion and order dated January 29, 2002, the Third Circuit denied Petitioner's appeal, affirmed Petitioner's conviction, and granted the Government's cross-appeal.  The court found that this Court erred in its drug quantity calculation and subsequent Base Offense Level calculation in disregarding credible testimony that Petitioner converted powder cocaine into some amount of crack cocaine.  Id. at 185-86.  As a result, the court vacated Petitioner's sentence and remanded for resentencing.  On remand, this Court attributed 200 grams of crack cocaine to Petitioner, recalculated the Base Offense Level and resentenced Petitioner to 210 months in prison.  See United States v. Weston, 69 F. App'x 579, 579-80 (3d Cir. 2003).  The Third Circuit affirmed the new sentence on July 23, 2003.  Id. at 580.  Petitioner did not file a writ of certiorari following the Third Circuit's decision.  (Government's Br. at 5).

On or about October 21, 2004, Petitioner filed the instant motion for relief under 28 U.S.C. § 2255.  (Government's Br. at 5).  Petitioner argues that this Court improperly enhanced his sentence on the basis of facts neither submitted to a jury nor proven beyond a reasonable doubt, in violation of the United States Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).  On June 13, 2005, the Government filed its answer, and Petitioner filed his reply on August 12, 2005.

**II.    DISCUSSION**

Petitioner argues that his current sentence should be vacated, set aside or corrected in a manner consistent with the holding in Apprendi.  However, Apprendi made no reference to the Federal Sentencing Guidelines; therefore, its holding is inapplicable to Petitioner's resentencing and pending motion.  As the Government points out, Petitioner really asserts his claim pursuant to the Supreme Court's recent holdings in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).  In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), however, the Third Circuit held that Booker cannot be applied retroactively to cases on collateral review.  Therefore, Petitioner's motion must fail.

In Blakely, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  124 S. Ct. at 2536 (citing Apprendi, 530 U.S. at 490).  Subsequently, the Supreme Court reaffirmed its Blakely and Apprendi holdings in Booker.  See Booker, 125 S. Ct. at 755-56.

However, Petitioner's motion cannot succeed because the Booker rule does not apply retroactively to cases on collateral review.  In Lloyd, the Third Circuit held that the Booker rule does not apply retroactively because it is not a "watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."  See Lloyd, 407 F.3d at 613-14 (citation omitted) (finding that every court of appeals to consider the issue has held that Booker did not create a "watershed rule" to be applied retroactively).  In the present case, the Third Circuit affirmed Petitioner's conviction and sentence on July 23, 2003.  Petitioner did not file a writ of certiorari.  Therefore, the judgment against Petitioner became final ninety

(90) days after the Third Circuit's affirmance, see 28 U.S.C. § 2101(c) – or, more specifically, on October 22, 2003, well before the decision in Booker. Because Petitioner's conviction became final before the decision in Booker, the rule announced in Booker cannot be applied to grant Petitioner's requested relief.

Additionally, the Court finds Petitioner's remaining arguments in support of his petition unpersuasive. Consequently, Petitioner's motion must be denied.

### III.   CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and the Petition is dismissed with prejudice. An appropriate form of order accompanies this Memorandum Opinion.

Date:   October 12, 2005

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.